IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOE C. GUTIERREZ,<br>TDCJ-CID No. 02128142, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| | § | |
| v. | §<br>§ | 2:25-CV-75-Z-BR |
| JAMIYU L. AKOREDE, *et al.*, | §<br>§ | |
| Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT PARTIAL MOTION TO DISMISS**

Before the Court is a Partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) filed by Defendants Jamiyu L. Akorede ("Akorede") and Antonio Duran ("Duran") (collectively, "Defendants"). For the reasons stated below, the Motion should be GRANTED.

**I. LEGAL ANALYSIS**

**A.    Factual Background.**

Plaintiff Joe C. Gutierrez ("Gutierrez") claims that, while a prisoner housed in the Clements Unit of the Texas Department of Criminal Justice, Akorede pepper sprayed him and subsequently denied him medical care. (ECF 3 at 4; ECF 8 at 3-4). He claims that he later sought medical care from Duran, but Duran refused. (ECF 3 at 4). As a result, he brings claims against Defendants under 42 U.S.C. § 1983 for a violation of his Eighth Amendment rights. His claims theoretically could be broadly construed as state law claims of negligence, assault, battery and intentional infliction of emotional distress.

Out of what the Court assumes to be an overabundance of caution, Defendants filed this Motion to Dismiss the purported state law claims brought by Gutierrez, alleging that they are

1

barred by sovereign immunity. (ECF 12). Gutierrez did not respond to the Motion.

**B.    Statutory Immunity.**

To the extent that Gutierrez brings his claims under state law, they are barred. Defendants have statutory immunity under the Texas Tort Claims Act ("TTCA"), which governs state-law tort claims against the state and its employees. *West v. City of League City*, No. 3:21-cv-371, 2023 WL 5760032 (S.D. Tex. Mar. 31, 2023). The TTCA provides, in pertinent part:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.

Texas Civ. Prac. & Rem. Code § 101.106(f). This provision "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka v Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). It applies even if sovereign immunity bars the claim against the government unit. *Texas Department of Aging & Disability Services v. Cannon*, 453 S.W.3d 411, 415 (Tex. 2015). If an employee moves for dismissal on this basis, the action must be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f).

Under the TCCA, "scope of employment" means "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." *Id*. at § 101.001(5). When it is undisputed that the government employee was acting in the course and scope of his employment, a claim against the employee must be dismissed under § 101.106(f). *See Carr v City of Spring Valley Village*, No. H-18-2585, 2019 WL 1276100, *13 (S.D. Tex. Mar. 20, 2019). Gutierrez does not dispute that Defendants were acting within the scope of their employment. Accordingly, his state law claims against Defendants are barred by the TTCA.

Additionally, Gutierrez's claims do not fall within the waiver of immunity set out in the

TTCA, which covers only "(1) injury caused by an employee's use of a motor-driven vehicle within the scope of his employment; (2) injury caused by a condition or use of tangible personal or real property; and (3) premises defects." *Morgan v City of Alvin*, 175 S.W.3d 408, 418 (Tex. App.–Houston [1st Dist.] 2004, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 101.021–.022). The TTCA explicitly preserves immunity against intentional torts, such as assault, battery, and intentional infliction of emotional distress. *See* §§ 101.102(a), 101.057(2).

Because Gutierrez's state-law claims are barred by immunity, such claims should be dismissed.

## II. RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Defendants' Partial Motion to Dismiss should be GRANTED.

## III. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 1, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendations. In

3

the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

4