IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOE C. GUTIERREZ,

    Plaintiff,

v.                                                                   2:25-CV-075-Z-BR

JAMIYU L. AKOREDE, *et al.*,

    Defendants.

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the findings, conclusions, and recommendation ("FCR") of the United States Magistrate Judge (ECF No. 16) to grant Defendants' Partial Motion to Dismiss (ECF No. 12). No objections to the FCR have been filed. After making an independent review of the pleadings, files, and records in this case, the District Judge concludes that the FCR of the Magistrate Judge is correct.[1] It is therefore **ORDERED** that the FCR of the Magistrate Judge (ECF No. 16) is **ADOPTED** and Defendants' Partial Motion to Dismiss (ECF No. 12) is **GRANTED**. Plaintiff's state-law claims of negligence, assault, battery and intentional infliction of emotional distress are **DISMISSED** without prejudice.

---

[1] The FCR recommends dismissal of Plaintiff's state-law claims for lack of subject-matter jurisdiction based on an immunity created by Texas Civil Practice & Remedies Code Section 101.106(f). ECF No. 16 at 2–3. The Court notes that while dismissal under Section 101.106(f) is clearly appropriate, it is not entirely clear whether state statutory immunity implicates this Court's subject-matter jurisdiction. *Compare Anthology, Inc. v. Tarrant Cnty. Coll. Dist.*, 136 F.4th 549, 553 (5th Cir. 2025) (Oldham, J.) ("[S]tate-created immunities do not and cannot limit the jurisdiction of federal courts."), *with Curley v. Gonzalez*, No. 3:15-CV-1341, 2017 WL 4351073, at *6 (N.D. Tex. Sept. 30, 2017) (finding that because dismissal under Section 101.106(f) "involves immunity, it appears to be a jurisdictional matter"). But even if this issue is not strictly jurisdictional, the Court would have construed the Motion under Rule 12(c) and granted it for the same reasons described in the FCR. *See Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 317 n.5 (5th Cir. 2009) (construing motions to dismiss filed after the answer as motions for judgment on the pleadings).

**SO ORDERED.**

April 30, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE